**JOHN L. BURRIS, Esq., SBN 69888**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HARO, an individual;<br>MARGARITA ANAYA, an individual;<br><br>       Plaintiffs ,<br><br>v.<br><br>COUNTY OF STANISLAUS, a municipal<br>corporation; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 1:20-cv-00095-NONE-EPG<br><br><u>FIRST AMENDED COMPLAINT FOR<br>DAMAGES</u><br>(42 U.S.C § 1983)<br><br><br><u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1.      On December 30, 2018, Plaintiff Andrew Haro went to his grandmother's house to check his mail. Plaintiff suffers from the mental disability of bipolar disorder, including symptoms of paranoid delusions and hallucinations. While at his grandmother's house, he suffered a mental health crisis from his disability and locked himself in a room to kill himself.

2.      Plaintiff's grandmother, Plaintiff Margarita Anaya called 9-1-1 for help. Soon after, Stanislaus deputies arrived and Plaintiff Anaya informed them of the circumstances. Seconds later, the deputies entered the house, broke down the door and shot Plaintiff Haro six times in the abdomen, arm and leg while he was laying down.

3.      Fortunately, Plaintiff survived the gunshot wounds, but suffered immense physical injuries and emotional distress as a result of the deputies' excessive force.

**JURISDICTION**

4.      This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Salida, Stanislaus County, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

**PARTIES**

5.      Plaintiff ANDREW HARO is a male, competent adult. Plaintiff is a resident of CALIFORNIA.

6.      Plaintiff MARGARITA ANAYA is an female, competent adult and resident of California. Ms. Anaya is the biological grandmother of Plaintiff Andrew Haro.

7.      Defendant COUNTY OF STANISLAUS (hereinafter "Defendant COUNTY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws

of the State of California that manages and operates the STANISLAUS SHERIFF

DEPARTMENT (hereinafter "COUNTY").

8.      Plaintiff is ignorant of the true names and/or capacities of defendants sued herein

as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.

Plaintiff will amend this complaint to allege the true names and capacities when ascertained.

Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable

for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused

injuries and damages because of their negligence, breach of duty, negligent supervision,

management or control, violation of public policy, and false arrests.  Each defendant is liable for

his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether

severally or jointly, or whether based upon agency, employment, ownership, entrustment,

custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this

complaint subject to further discovery.

9.      In doing the acts alleged herein, Defendants, and each of them acted within the

course and scope of their employment for the COUNTY OF STANISLAUS ("COUNTY").

10.      In doing the acts and/or omissions alleged herein, Defendants, and each of them,

acted under color of authority and/or under color of law.

11.      Due to the acts and/or omissions alleged herein, Defendants, and each of them,

acted as the agent, servant, and employee and/or in concert with each of said other Defendants

herein.

12.      Plaintiffs filed a timely government claim with COUNTY on or about May 15,

2019, which was rejected July 18, 2019.

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**STATEMENT OF FACTS**

13.     On or about December 30, 2018, Plaintiff Andrew Haro was suffering from his mental disability of bipolar disorder, including paranoid delusions and hallucinations while at his grandmother's house at 5309 Stoneheart Lane, Salida, CA 95368. Plaintiff was hearing voices to kill himself and locked himself in a room at grandmother's house with a knife. Plaintiff began screaming for help, but could not bring himself to commit suicide. Plaintiff's grandmother, Plaintiff Margarita Anaya, called 9-1-1 to get help for her grandson, worried that he may commit suicide. Meanwhile, Plaintiff had laid down on the bed in the bedroom and fell asleep.

14.     Yet-to-be-identified Stanislaus County Doe Deputies arrived. Plaintiff Anaya explained that her grandson, Plaintiff Haro, had a long history of mental illness, was suffering hallucinations and talking to himself. Plaintiff Anaya expected the deputies to help her grandson.

15.     Shortly after, yet-to-be-identified deputies escorted her to the living room, saying they would help, and went to the room where Plaintiff Haro was barricaded. Deputies immediately broke in without employing any de-escalation tactics (such as talking with Haro, or asking him to come out) and shot Plaintiff Haro several times in the torso, causing him severe and permanent injuries.

16.     Plaintiff Anaya heard the gunshots from the living room and believed deputies killed her grandson causing her extreme emotional distress. Deputies ordered Plaintiff Anaya outside. Then emergency responders carried Plaintiff Haro outside, bleeding and severely injured, where Plaintiff Anaya witnessed her grandson's injuries and pain causing her to suffer further emotional distress.

/

/

## DAMAGES

17.     As a proximate result of Doe Defendants' unreasonable and excessive use of force, Plaintiffs suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. The conduct of the Doe Defendants were malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff Haro against DOES 1-25)*

18.     Plaintiff hereby re-alleges and incorporate by reference each and every paragraph of this Complaint.

19.     Plaintiff had committed no crimes and was suffering a mental health emergency. Furthermore, when deputies entered his room he offered no credible threat to them, but nevertheless deputies used deadly force which was unlawful and excessive. Defendant Does' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

20.      As a result of their misconduct, the Doe Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiff Haro against Defendant COUNTY and DOES 26-50)*

21.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

22.     Plaintiffs are informed and believe and thereon allege that high ranking COUNTY OF STANISLAUS officials, including Defendants, and DOES 26-50, and/or each of

them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified deputies responded to a possible suicide and mental health emergency by using deadly force when they should have offered medical assistance. None of these deputies were disciplined or re-trained. High-ranking official should have known about the pattern of excessive force conduct of the Defendant Deputies given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by Stanislaus County Sheriff Deputies. For example,

a) On November 10, 2017, Stanislaus Sheriff Deputies were caught on tape repeatedly punching a man in the back and the back of his head while he was being handcuffed.[1]

b) In February, 2017, Stanislaus Sheriff Deputy Wall was caught on camera shooting and killing a woman driving away from deputies during a stop which resulted in the Deputy being charged with voluntary manslaughter by the Stanislaus District Attorney.[2]

c) On May 30, 2018 another person died in the custody of Stanislaus County Sheriff Deputies after deputies allegedly used excessive and unreasonable force.[3]

d) On May 29, 2018 Stanislaus Deputies shot and killed a man retrieving his possessions from his house where he had been evicted.[4]

e) On March 4, 2018 Stanislaus deputies responded to a medical emergency for a teenager in his home who was reacting badly to LSD. Instead of facilitating medical attention, Defendants beat the unarmed teenager with batons, pepper sprayed him and shot him with bean bag guns and ordered for emergency medical personnel to leave so they could not evaluate him. The teenage boy was later hospitalized due to his injuries from the

---

[1] https://www.modbee.com/news/local/crime/article185122188.html

[2] https://www.modbee.com/news/local/crime/article214973430.html

[3] https://www.abc10.com/article/news/local/family-of-modesto-man-who-died-in-custody-says-deputies-used-unnecessary-and-excessive-force/103-560085363

[4] https://www.modbee.com/news/local/crime/article212212429.html

deputies. (J.M., et al v. Stanislaus, et al.; Case No.: 1:18-CV-01034-LJO-SAB)

f) In 2018, Stanislaus deputies held a father dropping off his son at football practice at gunpoint with assault rifles for allegedly rolling a stop sign, and then beat him on the ground in front of his young child. (1:19-cv-01610-AWI-SAB Vasquez, et al v. County of Stanislaus).

23.    Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Yet-to-be-identified deputies responded to a mental health emergency and possible suicide attempt, then shot Plaintiff while he was sleeping. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against a father and his son.

24.    Plaintiff is further informed and believe and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

25.    As against Defendant COUNTY OF STANISLAUS, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the COUNTY OF STANISLAUS, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of COUNTY OF STANISLAUS POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

26.    The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF STANISLAUS, on information and belief, were pursuant to the following customs, policies,

practices, and/or procedures of the STANISLAUS SHERIFF Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF STANISLAUS:

    a.    To cover-up violations of constitutional rights by any or all of the following:

        i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.  by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    b.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

    d.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

28.    Defendants COUNTY OF STANISLAUS and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF STANISLAUS' law enforcement personnel, with

deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

29.     The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF STANISLAUS personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the STANISLAUS Sheriff Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY OF STANISLAUS, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF STANISLAUS have approved Defendant Deputies' grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the COUNTY OF STANISLAUS and the STANISLAUS Sheriff Department have shown affirmative agreement with the actions of Defendant Deputy Does 1-25, and have ratified the unconstitutional acts of Defendant Deputy Does 1-25.

30.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF STANISLAUS and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

31.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

32.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY OF STANISLAUS and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

### THIRD CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff Haro against County and DOES 1-50)*

33.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

34.     Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

35.     By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a.   Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

b.   Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

36.     Excessive force which violates the Fourth Amendment, also violates the Bane Act.[5]  Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

37.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6]  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

38.     Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

     a.   Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

     b.   Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

     c.   Defendant using force against Plaintiff in the absence of any threat or need for such force;

     d.   Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

     e.   Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

     f.   Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

     g.   Violating multiple rights of Plaintiff;

---

[5] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[6] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

39.     Defendant STANISLAUS COUNTY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

40.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**FOURTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
(*Plaintiff Haro against County and DOES 1-50*)

41.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

42.     Defendants, while working as law enforcement officers for the STANISLAUS SHERIFF DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiff without a lawful basis.

43.     As a result of the actions of the Defendants, Plaintiff suffered physical injuries. The Defendant Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their police duties was an unreasonable use of force.

44.     As a direct and proximate result of Defendants' battery, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Negligence)
(*Plaintiff Haro against County and DOES 1-50*)

45.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

46.     At all times, Defendant Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

47.     At all times, Defendant Does 1-50 owed Plaintiff the duty to act with reasonable care.

48.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.     to refrain from using excessive and/or unreasonable force against Plaintiff;

    b.     to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c.     to refrain from abusing their authority granted them by law;

    d.     to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

49.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

50.     Defendant STANISLAUS COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

51.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

/

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
*(Plaintiff Anaya against COUNTY and DOES 1-25)*

52.     Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

53.     Defendants' above-described conduct and physical injuries to Plaintiff Haro was witnessed by Plaintiff Anaya.  Defendants shot Plaintiff Anaya's grandson which she heard, believed him dead, then saw him bleeding which caused her serious emotional distress. Plaintiff Anaya is closely-related to Plaintiff Haro.

54.     In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiff Anaya's serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Violation of the Title II of the Americans with Disabilities Act 42 U.S.C. section 12132)
*(Plaintiff Haro against County and Does 1-50)*

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this complaint.

56.     As against Defendant COUNTY, and/or DOES 26-50 in their capacity as official policy- maker(s) for the COUNTY OF STANISLAUS, Plaintiff further alleges that said defendants and yet-to-identified Does failed to train, supervise, and or discipline Defendants and DOES 1-25: in recognizing symptoms of bipolar disorder and schizophrenic tendencies under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Andrew Haro, from participating in or denying benefits and services provided by Defendant COUNTY; or from otherwise discriminating against such qualified individuals with symptoms

of disability recognized under Title II of the Americans with Disabilities act, resulting in the use of force against Andrew Haro, during the course of the subject-incident.

57. As against Defendants and DOES 1-25, at the time Defendants and DOES 1-25 made contact with Haro they knew and/or had reason to know from bystanders that he was experiencing a mental crisis and were aware of his disability and the symptoms and manifestations of Haro's recognized disability of bipolar disorder, and yet these Defendants and DOES 1-25 decided to escalate immediately to the use of deadly force against him.

58. The aforementioned conduct of Defendants and DOES 1-25, in failing to make reasonable accommodations for Plaintiff denied him the benefits of Defendant COUNTY's programs and activities, and/or discriminated against Plaintiff Haro by reason of his recognized disability

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **JURY DEMAND**

59.     Plaintiffs hereby demand a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages against DOES 1-50 in a sum according to proof;

4.      All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

5.      For cost of suit herein incurred; and

6.      For such other and further relief as the Court deems just and proper.

Dated:  March 17, 2020                              **Law Offices of John L. Burris**


                                                   ___/s/  **Patrick M. Buelna**_____
                                                   Patrick Buelna
                                                   Attorneys for Plaintiff